UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LORI MCGRATH, | )<br>) |
| Plaintiff, | )   3:07-CV-00292-LRH-VPC<br>) |
| v. | )<br>)   ORDER |
| STATE OF NEVADA DEPARTMENT OF<br>PUBLIC SAFETY, NEVADA HIGHWAY<br>PATROL, | )<br>)<br>) |
| Defendant. | )<br>) |

Presently before the court is Defendant State of Nevada Department of Public Safety, Nevada Highway Patrol's Motion to Dismiss (#4[1]). Plaintiff Lori McGrath filed an opposition to this motion (#6) to which Defendant replied (#7).

**I.     Facts and Procedural History**

The following recitation describes the facts of this case taking all of Plaintiff's allegations as true and construing these allegations in the light most favorable to Plaintiff.

Plaintiff is employed as a trooper for the State of Nevada Department of Public Safety, Nevada Highway Patrol–the defendant in this case. While Plaintiff was employed with Defendant, a co-worker, Trooper Simon, had an obsession with Plaintiff and continually bought her expensive

---

[1] Refers to the court's docket

gifts and tried to place himself in Plaintiff's life.  Plaintiff complained about Simon's behavior; however, no action was taken against Simon.  Simon also strove to be transferred into the division where Plaintiff worked so that he could continue his behavior.  Defendant granted Simon's request to work in same division as Plaintiff.  Simon was in Plaintiff's chain of command after this transfer.  Plaintiff repeatedly complained about this transfer and the fact that it was causing her continued distress. Defendant, however, chose to keep Simon in the same division as Plaintiff.

In 2003, Plaintiff filed a judicial complaint against Simon.  Since Plaintiff filed this complaint, she has received evaluations that do not exceed a standard rating, and she has been subjected to repeated verbal abuse by Chief David Hosmer.  As a result of these events, Plaintiff has suffered severe emotional distress.

In the instant action Plaintiff asserts three claims for relief: (1) retaliation for protected activity under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3, (2) intentional infliction of emotional distress, and (3) punitive damages.  Defendant now moves this court to dismiss Plaintiff's case pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.

## II.     Legal Standard

In considering "a motion to dismiss, all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party."  *Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted).  However, a court does not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations in a plaintiff's complaint.  *See Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

There is a strong presumption against dismissing an action for failure to state a claim.  *See Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997) (citation omitted).  "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence

in support of the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds by Harlow v. Fitzgerald*, 457 U.S. 800, 807 (1982). However, a plaintiff's obligation to provide the grounds of her entitlement to relief requires more than labels, conclusions, and a formulaic recitation of the elements of the cause of action. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. (internal citations omitted).

### III.    Discussion

#### A. Retaliation for Protected Activity Under Title VII

Defendant moves to dismiss Plaintiff's retaliation claim under Title VII on the basis that her allegations fail to state a claim. To make out a prima facie case of retaliation under Title VII, a plaintiff must show that "(1) she engaged in a protected activity, (2) she suffered an adverse employment action, and (3) there was a causal link between her activity and the employment decision." *Elvig v. Calvin Presbyterian Church*, 375 F.3d 951, 965 (9th Cir. 2004). Defendant does not dispute Plaintiff sufficiently alleged that she engaged in a protected activity. Rather, Defendant argues Plaintiff has failed to sufficiently allege that she suffered an adverse employment action and that there was a causal link between her protected activity and an adverse employment action.

#### 1.    Adverse Employment Action

Plaintiff alleges that she was subject to three adverse actions after she engaged in a protected activity: (1) Defendant granted Simon's request to work in the same division as Plaintiff, (2) Plaintiff has received only evaluations that do not exceed a standard rating, and (3) she has been subjected to repeated verbal abuse by Chief David Hosmer. The court finds that all of these allegations sufficiently allege an adverse employment action.

In *Brooks v. City of San Mateo*, 229 F.3d 917 (9th Cir. 2000), a plaintiff asserted at summary judgment that her employer subjected her to an adverse employment action by scheduling

her with a hostile co-worker. *Id.* at 928.  The Ninth Circuit found that her employer's scheduling was not sufficient to constitute an adverse action because there was no evidence the employer had put the two of them together knowing that the plaintiff would be uncomfortable. *Id.* at 929. However, the court also noted that under certain circumstances, a plaintiff's claim that her employer scheduled her with a hostile co-worker could constitute an adverse employment action. *Id.*

The court finds that facts alleged in Plaintiff's complaint are distinguishable from the facts of *San Mateo* to such a degree that Plaintiff has sufficiently alleged an adverse employment action. Plaintiff alleges the following in her complaint:

> Plaintiff complained about [Simon's behavior] through the proper channels; yet, no remedial action was taken.  To the contrary, the Defendant actually placed [Simon] in the exact same department in which the Plaintiff worked.  In fact, this co-worker strove to be transferred so that he could be in the same department as the Plaintiff and continue to harass her, a request the Defendant was all too willing to accommodate. Plaintiff repeatedly complained about the fact that Trooper Simon was being transferred into Plaintiff's chain of command and that his presence caused Plaintiff continued distress. Despite her complaints, the Defendant still chose to place Trooper Simon in the same division in which the Plaintiff was working.

Unlike the facts in *Mateo*, Plaintiff's allegations raise a reasonable inference that Defendant placed Simon in Plaintiff's department knowing that Plaintiff would be uncomfortable.

The court also finds that receiving an undeserved standard performance rating could be an adverse employment action.  In *Ray v. Henderson*, 217 F.3d 1234 (9th Cir. 2000), the Ninth Circuit cited with approval *Yartzoff v. Thomas*, 809 F.2d 1371 (9th Cir. 1987) in which the Ninth Circuit stated that "undeserved performance ratings, if proven, would constitute 'adverse employment decisions.'" *Ray*, 217 F.3d at 1241 (*quoting Yartztoff*, 809 F.2d at 1376).  While the Ninth Circuit stated in a subsequent opinion that an "undeserved *negative* performance review" is an adverse employment action, *Brooks v. City of San Mateo*, 229 F.3d 917, 928 (9th Cir. 2000) (emphasis added), this court will allow Plaintiff's claim to proceed so that her legal theory may be explored in light of actual evidence, *see Elec. Constr. & Maint. Co. v. Maeda Pac. Corp.*, 764 F.2d 619, 623 (9th Cir. 1985) ("The court should be especially reluctant to dismiss on the basis of the pleadings

4

when the asserted theory of liability is novel or extreme, since it is important that new legal theories be explored and assayed in the light of actual facts rather than a pleader's suppositions.").

The court also finds Plaintiff's allegation that she was subjected to verbal abuse sufficiently alleges that she suffered an adverse employment action. *See Elvig v. Calvin Presbyterian Church*, 375 F.3d 951, 965 (9th Cir. 2004) (holding that "verbal abuse and intimidation" may be a valid basis for a Title VII retaliation claim).

### 2. Causal Link Between Protected Activity and Employment Decision

Defendant also argues that Plaintiff has not sufficiently alleged a causal connection between her protected activity and Defendant's alleged retaliatory actions. The court disagrees. "That an employer's actions were caused by an employee's engagement in protected activities may be inferred from 'proximity in time between the protected action and the allegedly retaliatory employment decision.'" *Ray*, 217 F.3d at 1244. The Ninth Circuit has held that a gap of nine months between a protected activity and an adverse employment action does not show causation for purposes of a Title VII retaliation claim. *Manatt v. Bank of America, NA*, 339 F.3d 792, 802 (9th Cir. 2003). Furthermore, the Supreme Court stated in *Clark County Sch. Dist. v. Breeden*, 532 U.S. 268 (2001) that "[t]he cases that accept mere temporal proximity between an employer's knowledge of a protected activity and an adverse employment action as sufficient evidence of causality to establish a prima facie case uniformly hold that the temporal proximity must be 'very close[]' . . . ." *Id.* at 273 (citing cases finding that a three or four month period was insufficient to prove causation).

Plaintiff alleges that "[i]n 2003, the Plaintiff had filed a prior complaint of discrimination based upon her gender . . . ." She further alleges that sometime after this complaint, she suffered retaliation for this complaint. While Plaintiff does not explicitly allege the period of time that elapsed between her complaint and the retaliation, the court finds that Plaintiff's allegations raise a reasonable inference that the events occurred in close temporal proximity. Therefore, Defendant's motion to dismiss Plaintiff's Title VII retaliation claim is denied.

5

### B. Intentional Infliction of Emotional Distress

Defendant also moves to dismiss Plaintiff's intentional infliction of emotional distress claim. A prima case of intentional infliction of emotional distress is comprised of the following elements: "(1) extreme and outrageous conduct by the defendant; (2) intent to cause emotional distress or reckless disregard as to that probability; (3) severe emotional distress; and (4) actual and proximate causation of the emotional distress." *Branda v. Sanford*, 637 P.2d 1223, 1227 (Nev. 1981).

Defendant argues that Plaintiff fails to state a claim against Defendant State of Nevada Department of Public Safety, Nevada Highway Patrol because she has not alleged sufficient facts to support a claim of vicarious liability against Defendant based on Chief David Hosmer's conduct. The court disagrees. In order to create respondeat superior liability in an employer, an employee's actions must have occurred within the scope of his employment. *Rockwell v. Sun Harbor Budget Suites*, 925 P.2d 1175, 1179 (Nev. 1996). Plaintiff alleges that "since [her] complaint . . . she has been subject to repeated verbal abuse from Chief David Hosmer." The court finds that a reasonable inference can be made that Chief Hosmer's actions were wielded in his supervisory role given that Plaintiff filed her complaint in response to harassment by a co-worker.

Defendant further argues that Plaintiff's allegation Chief Hosmer repeatedly verbally abused her does not sufficiently allege Defendant's conduct was extreme and outrageous. The court finds that Plaintiff's allegation suffices to state a claim. In *Branda v. Sanford*, 637 P.2d 1223 (Nev. 1981), the Nevada Supreme Court held that a plaintiff had stated a prima facie case of intentional infliction of emotional distress when she presented evidence that a defendant screamed profanities at her. *Id.* at 1224, 1227. The court finds the facts in *Branda* are sufficiently similar to the allegations in Plaintiff's complaint that Plaintiff's allegation of "repeated verbal abuse" by her superior adequately alleges extreme and outrageous behavior by Defendant.

6

**C. Punitive Damages**

Finally, Defendant moves for dismissal of Plaintiff's claim for punitive damages on the basis that Nevada law does not provide for an independent cause of action for punitive damages and that Plaintiff is statutorily foreclosed from seeking punitive damages for the claims she asserts in this action. In response, Plaintiff concedes Defendant is not subject to punitive damages, and she withdraws the punitive damages portion of her complaint. As such, Defendant's motion to dismiss is granted as to Plaintiff's claim for punitive damages.

IT IS THEREFORE ORDERED that Defendant's motion to dismiss (#4) is DENIED in part and GRANTED in part.

IT IS SO ORDERED.

DATED this 30th day of April 2008.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE